83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector Gamaliel BRICENO-BALMACEDA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70821.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided April 23, 1996.
 
 1
 Before: BROWNING and NOONAN, Circuit Judges, and MERHIGE,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 * This court has jurisdiction over Briceno's claim that his six-month stay with a Contra unit would "place him at grave risk" should he be returned to Nicaragua. Although Briceno's asylum application made no mention of the Contra issue, the IJ heard testimony regarding Briceno's stay with the Contras and took it into consideration in her decision. Because Briceno's Contra evidence was presented to the IJ and was reviewed by the BIA, he has exhausted his administrative remedies, as he was required to do before seeking review by this court. See 8 U.S.C. § 1105a(c); Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994).
 
 II
 
 4
 Substantial evidence supported the denial of Briceno's asylum application. To be eligible for asylum, Briceno was required to demonstrate a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1158(a), 1101(a)(42)(A).
 
 
 5
 Briceno claimed he had been persecuted because of his family's anti-Sandinista political views and refusal to cooperate with the pro-Sandinista CDS "neighborhood committees." He testified that his father was imprisoned briefly, his family's food rations were cut, and he was unable to attend school or find work. Much of this treatment was unrelated to the family's political opinions, however. Briceno acknowledged the food rations were cut in part because there were fewer people to feed once he and his brother left home, and he admitted he was unable to attend school or find work because he had not completed required military service. His father's three-month detention does not compel a finding that Briceno was persecuted. See Shoaee v. INS, 704 F.2d 1079, 1084 (9th Cir.1983). Even assuming Briceno's treatment constituted persecution on account of political opinion, it was not severe enough to support an asylum claim in the absence of a well-founded fear of future persecution. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) (asylum may be granted on the basis of past persecution alone, but only if the applicant has suffered "atrocious forms of persecution").
 
 
 6
 Substantial evidence supported the BIA's finding that Briceno failed to establish a well-founded fear of future persecution. Briceno's fear of persecution was based on his family's past treatment by the Sandinistas, his decision to leave the country illegally rather than serve in the Sandinista army, and his six-month stay with a Contra unit in Honduras. Briceno claimed his family had been persecuted because of his father's political beliefs, yet his father and other family members have remained in Nicaragua without incident. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (applicant's asylum claim undercut by family's continued safety). As the IJ noted, military service and participation in CDS activities are no longer mandatory, and Briceno offered no evidence that his draft evasion and his family's refusal to participate in CDS activities would put him at particular risk of persecution if he returned to Nicaragua. See Kotasz v. INS, 31 F.3d 847, 852 (9th Cir.1994) (petitioner "must show that he is at particular risk" for persecution). Similarly, there is no indication that Briceno would be subject to persecution for having received shelter and training from a Contra unit, or even that the Sandinistas are aware Briceno had any link to the Contras. Although the Sandinistas retain considerable power under the Chamorro government, Briceno's evidence does not reflect "a reasonable possibility" he would be persecuted. INS v. Cardoza-Fonseca, 480 U.S. 421, 440 (1987).
 
 III
 
 7
 Because Briceno did not establish a well-founded fear of persecution, denial of withholding of deportation was also proper. INS v. Stevic, 467 U.S. 407, 425 (1984).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3